| |
|---|
| **HSBC Bank USA, N.A. v Kuperman** |
| 2025 NY Slip Op 30220(U) |
| January 22, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 508897/2014 |
| Judge: Carolyn Mazzu Genovesi |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part FRP-5 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the    day of        2025.

Present: Hon. Carolyn Mazzu Genovesi

**JAN 22 2025**

-----------------------------------------------------------------X

HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ELLINGTON LOAN ACQUISITION TRUST 2007-2 MORTGAGE PASS-THROUGH CERTIFICATES,

                                        Plaintiff,

          -against-

HOWARD KUPERMAN; SHEILA KUPERMAN; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; ERNEST ROMAN,

                                        Defendants,

-----------------------------------------------------------------X

**DECISION AND ORDER**

Index No.: 508897/2014
Motion Cal. No.: 15 & 16
Mot. Seq. 3 & 4

The following papers were read on this motion pursuant to CPLR 2219(a):

| Papers | NYSCEF Numbered |
|---|---|
| Motion (MS #3), Affirmation, Exhibits | 71, 73-96 |
| Cross-Motion (MS #4), Affirmation | 99-100 |
| Affirmation in Opposition to Cross-Motion and in Further Support of Motion | 101 |
| Defendant's Reply Affirmation in Further Support of Cross-Motion | 102 |

In an action to foreclose a mortgage, HSBC Bank USA, National Association, as Trustee for Ellington Loan Acquisition Trust 2007-2 Mortgage Pass-Through Certificates ("plaintiff") moves to confirm the Report of Referee Paul B. Groman, Esq.; for Judgment of Foreclosure and Sale; and to direct the distribution of the foreclosure sale (MS # 3). Defendant Sheila Kuperman cross-moves to dismiss the action, pursuant to Kings County Supreme Court Uniform Civil Term Rules, Part F, Rule 7; or in the alternative to toll interest due to plaintiff.

Under Kings County Supreme Court Uniform Civil Term Rules, Part F, Rule 7, "[w]ithin one year after the signing and entry of an Order of Reference, an application for a Judgment of Foreclosure and Sale must be made... Failure to comply will result in an automatic dismissal of the action." "The determination of whether an excuse [for failing to comply with this rule] is

1

[* 1]

reasonable is committed to the sound discretion of the motion court." *OneWest Bank, FSB v. Rodriguez,* 171 A.D.3d 772, 773 (2d Dep't 2019).

In the instant case, an Order of Reference was signed by Justice Noach Dear on March 2, 2020 and entered on NYSCEF on March 12, 2020. Plaintiff filed Notice of Entry of Justice Dear's Order on February 3, 2022. The motion to confirm the Referee's Report was filed on August 7, 2024. In opposition to defendant Sheila Kuperman's cross-motion, plaintiff maintains that it had a reasonable excuse for its delay in moving for Judgment of Foreclosure and Sale. Specifically, plaintiff maintains that "by its actions, [it] had every intention of prosecuting this foreclosure" and "a number of delays [were] occasioned [by] the COVID pandemic" before Notice of Entry of Justice Dear's Order was filed. However, plaintiff failed to give any further explanation whatsoever for its considerable delay in moving for Judgment of Foreclosure and Sale. Moreover, even if plaintiff was prohibited from making its motion by COVID-related stays imposed on foreclosure action, the final COVID stay ended January 16, 2022, (*See* Administrative Order of the Chief Administrative Judge 34/22) and the motion in question was filed on August 7, 2024, more than one year after the final COVID stay expired. Accordingly, plaintiff failed to provide a reasonable excuse for its delay in moving for Judgment of Foreclosure and Sale.

The Court will not address the merits of plaintiff's motion for Judgment of Foreclosure and Sale, in light of plaintiff's unexcused delay in filing the motion. It is therefore

ORDERED that plaintiff's motion (MS #3) is DENIED; and it is further

ORDERED that defendant Sheila Kuperman's cross-motion (MS #4) is GRANTED, and the action is DISMISSED pursuant to Kings County Supreme Court Uniform Civil Term Rules, Part F, Rule 7.

This constitutes the Decision and Order of the Court.

E N T E R

_____
Hon. Carolyn Mazzu Genovesi

[* 2]